**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| D.E.B.C., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CASE NO.: 7:25-CV-198 (LAG) |
| : | |
| Warden, STEWART DETENTION : | |
| CENTER, *et al.*, : | |
| : | |
| Respondents. : | |
| : | |

# ORDER

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1). Petitioner is a native and citizen of Guatemala who entered the United States on an unknown date without inspection and has resided in the United States since then. (Doc. 1 at ¶ 30; Doc. 1-1). On or about December 8, 2025, Petitioner was taken into United States Immigration and Customs Enforcement (ICE) custody and has been detained since then. (Doc. 1 at ¶ 3). Petitioner contends that he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a). Respondents argue that Petitioner is not entitled to a bond hearing because he is detained under 8 U.S.C. § 1225(b)(2), which mandates detention for certain aliens, without an opportunity for a bond hearing.

As Respondents concede, though, the issue presented in this action is identical to the issue decided in *J.A.M. v. Streeval*, No. 4:25-cv-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) and *P.R.S. v. Streeval*, No. 4:25-CV-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025). (Doc. 8 at 2) This Court hereby adopts the court's rationale in *J.A.M.* and *P.R.S* and finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a). The Court thus grants Petitioner's Petition for a Writ of Habeas Corpus to the extent that the Court orders Respondents to provide Petitioner with a bond hearing within **SEVEN (7)**

**DAYS** of this Order to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. *See* 8 C.F.R. §§ 236.1 & 1236.1.[1]

      **SO ORDERED**, this 30th day of December, 2025.

                                          /s/ Leslie A. Gardner
                                          **LESLIE A. GARDNER, CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[1] On December 7, 2025, Petitioner filed an Emergency Motion for Temporary Restraining Order (TRO) (Doc. 7). Because the Court now orders Respondents to provide Petitioner with a bond hearing, Petitioner's Emergency Motion for TRO (Doc. 7) is **DENIED AS MOOT**.